UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LOUIS MANCHISI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV424-044 |
| | ) |
| CAROLYN COLVIN,[1] | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Louis Manchisi seeks attorney's fees under the Equal Access to Justice Act.  Doc. 21.  The Defendant does not oppose the motion.  *Id.* at 2.  For the reasons set forth below, it is **RECOMMENDED**[2] that plaintiff's motion be **GRANTED**.  Doc. 21.

I.  **BACKGROUND**

At the Defendant's request, the District Judge reversed and remanded plaintiff's social security appeal to the agency for further

---

[1] Carolyn Colvin is now the Acting Commissioner of Social Security and has been substituted for former Commissioner Martin O'Malley as the defendant in this lawsuit pursuant to Federal Rule of Civil Procedure 25(d).  The Clerk is **DIRECTED** to update the docket accordingly.

[2] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter."  Fed. R. Civ. P. 54(d)(2)(D).  When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition."  Fed. R. Civ. P. 72(b)(1).

1

consideration, and judgment was entered in plaintiff's favor. Docs. 18 (Defendant's Motion for Entry of Judgment with Remand); 19 (Remand Order) & 20 (Judgment). Plaintiff then filed the instant motion requesting $10,200.66 in attorney's fees for 41.7 hours of time and $405.00 as reimbursement for the filing fee. Doc. 21 at 1-2.

## II. ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, *see* doc. 19, and his request is timely, *see* doc. 20 (Judgment entered October 9, 2024), doc. 21 (Motion filed December 20, 2024). The Commissioner does not contend that the agency's position was substantially justified. *See* doc. 21 at 2; *see also Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified."). The Court should find that Plaintiff is entitled to an award pursuant to the EAJA.

The Court should also find that the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quotation marks and citations omitted). Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase

in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

First, the number of hours expended on this case by Plaintiff's counsel appears reasonable. Counsel requests fees for 41.7 hours of work. *See* doc. 21 at 2; docs. 21-2 & 21-3. The transcript in this case totaled 1,998 pages, *see* doc. 5-1 at 1-5, and counsel distilled that record down into a concise, persuasive brief analyzing four distinct issues, doc. 15. The brief was so compelling, the Defendant sought reversal and remand for further proceedings. *See* doc. 18. Additionally, the proposed hourly rate of $244.62 is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Long v. O'Malley*, 2024 WL 3167664, at *2 n. 2 (S.D. Ga. June 7, 2024) *adopted by* 2024 WL 3165305 (S.D. Ga. June 25, 2024) (finding hourly rate of $244.62 reasonable). Given the reasonableness of the hours expended and the hourly rate, the Court should award Plaintiff[3] $10,200.66 in attorney's fees.

---

[3] Plaintiff has attached an assignment of EAJA fees from Plaintiff to his counsel. *See* doc. 21-1. In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Therefore, as Plaintiff's counsel acknowledges, *see* doc. 21 at 2, the Court should award the EAJA

Plaintiff also seeks reimbursement of filing costs of $405.00. Doc. 21 at 1; *see also* doc. 1 (documenting Clerk's receipt of $405 filing fee). Costs under the EAJA, "including fees of the clerk, are reimbursed from the judgment fund administered by the Department of the Treasury, while attorney fees and expenses are paid by the Social Security Administration." *Rosenthal v. Kijakazi*, 2021 WL 4066820, at *1 (M.D. Fla. Aug. 17, 2021), *report and recommendation adopted*, 2021 WL 4060304 (M.D. Fla. Sep. 7, 2021*); see also Perry v. Comm'r of Soc. Sec.*, 2020 WL 4193515, at *2 (M.D. Fla. July 21, 2020) (finding that the plaintiff's filing fee was a compensable cost under the EAJA). Thus, the $405 filing fee is recoverable under the EAJA as a cost to be paid from the judgment fund. *See* 31 U.S.C. § 1304.

---

fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

## III.  CONCLUSION

For the foregoing reasons, the Court should **GRANT** Plaintiff's Unopposed Motion for Attorney Fees, doc. 21 and award Plaintiff $10,200.66 in attorney's fees and $405 in costs.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 30th day of December, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA